IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., | |
| Plaintiff-Respondent, | CIVIL ACTION FILE NO. 1:12-CV-02687-TWT-GGB |
| v. | |
| ALSALUM LEE, KHALEIF MUHAMMED, and all others, | Removed from Magistrate Court of DeKalb County, Georgia Case No. 12D24865 |
| Defendants-Petitioners. | |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the court on the Notice of Removal filed by Alsalum Lee ("Lee") (Doc. 1) and Plaintiff SunTrust Mortgage, Inc.'s ("SunTrust's") Motion to Remand (Doc. 3). Lee, who is proceeding without counsel, seeks to remove this dispossessory action from the Magistrate Court of DeKalb County, Georgia, Case No. 12D24865, based upon his assertion of certain defenses, including violations of the Uniform Commercial Code and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Doc. 1 at 1-2). SunTrust has filed a Motion to Remand (Doc. 3), arguing that this case was improperly removed.

Lee has not filed a proper response in opposition to SunTrust's motion to remand, and the time for doing so has now passed. See Local Rule 7.1(B)("Failure to file a

response shall indicate that there is no opposition to the motion."). Therefore, the motion to remand is deemed unopposed.

## I. **DISCUSSION**

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action which has been improperly removed. Accordingly, the court must examine Lee's Notice of Removal to determine whether there is a proper basis for removal. In order for removal to be proper, Lee must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441, 1331, 1332. In other words, a federal district court must have original jurisdiction over the initial action. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). The party seeking removal bears the burden to establish federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Lee has not alleged that the action is removed to this court on the basis of diversity jurisdiction, but instead appears to be asserting that the action is removable on the basis of federal question jurisdiction. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

2

properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)); see also Anderson v. Household Fin. Corp., 900 F. Supp. 386, 388 (M.D. Ala. 1995). A defendant may not ordinarily invoke federal question jurisdiction by raising a defense or counterclaim under federal law unless the face of the plaintiff's complaint demonstrates that a federal question exists. See Bd. of Educ. v. AFSCME, 401 F. Supp. 687, 690 (N.D. Ga. 1975); Fed. Land Bank of Columbia v. Cotton, 410 F. Supp. 169, 170 (N.D. Ga. 1975).

In the instant action, Lee has not met his burden to demonstrate that this court has subject matter jurisdiction. In the DeKalb County magistrate court, SunTrust filed a dispossessory proceeding against the defendants Alsalum Lee, Khaleif Muhammed, and all others, as tenants at sufferance, seeking their eviction from the property at issue in this case, following a foreclosure sale in February 2011. (Doc. 3-2; Doc. 3-3). Lee filed an answer to the dispossessory, challenging the amount that the landlord was claiming for past due rent. (Doc. 3-4 at 2). A hearing was scheduled for August 6, 2012. (Doc. 1 at 3). On or about August 3, 3012, Lee filed a Notice of Removal and Federal Stay of Eviction in federal court, and attempted to remove the action. (Doc. 1). However, there is no indication that these proceedings contain a federal question, and it appears that Lee is attempting to invoke federal question jurisdiction solely on the

3

basis of a defense or counterclaim. See Citibank, N.A. v. Gumbs, No. 1:07-CV-2476-TWT, 2007 WL 3491744 (N.D. Ga. Nov. 6, 2007)("Defendant's reliance on the FDCPA is only a defense"). A defense to a civil action generally does not provide a basis for removal. Jefferson County, Ala. v. Acker, 527 U.S. 423, 430-31 (1999); Wells Fargo Bank v. Cyrus, No. 1:10-CV-02064-RLV-AJB, 2010 WL 3294320, at *5 (N.D. Ga. July 15, 2010) ("By citing to TILA and RESPA to defend against dispossession, Defendant has not provided a basis for removing the dispossessory action").

Under the "well-pleaded complaint" rule, the court finds that Lee has failed to demonstrate that this court has federal question jurisdiction over SunTrust's dispossessory action.

It is also apparent that no diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. See id. With respect to the calculation of the amount in controversy when the dispute involves a dispossessory proceeding, this court has held "as a matter of law, that a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Novastar Mortgage, Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001). Thus, there is no monetary amount in controversy for dispossessory actions where, like here, the plaintiff is seeking

4

only equitable relief from the court to gain possession of real property. See id.

## II. CONCLUSION

Because Lee has failed to demonstrate any lawful basis for removal of the action to this court, I **RECOMMEND** that SunTrust's Motion to Remand (Doc. 3) be **GRANTED** and that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia, because this court lacks original jurisdiction over the dispossessory and eviction proceedings. 28 U.S.C. § 1447(c); HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-02480-WSD-JFK, 2007 WL 3005337, at *4-5 (N.D. Ga. Oct. 12, 2007)(remanding dispossessory to state court for lack of subject matter jurisdiction). Lee's Notice of Removal is also procedurally deficient.

**IT IS SO RECOMMENDED**, this 10th day of October, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)